UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK FARRELL<br><br>            Petitioner,<br><br>v.<br><br>DOUG WADDINGTON,<br><br>           Respondent. | Case No.  C05-5832RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**MAY 5th, 2006** |

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner challenges his 2001 Clark County convictions. Originally petitioner was found guilty by jury of two counts of rape of a child in the first degree and two counts of child molestation in the first degree. (Dkt. # 11, Exhibit 1). He was sentenced to 120 months. (Dkt. # 11, Exhibit 1). On direct appeal the two counts of child molestation were dismissed. (Dkt. # 11, Exhibit 2). Having reviewed the state court rulings, the briefs filed in this case and the remaining record, the court recommends this petition be **DISMISSED WITH PREJUDICE.**

# FACTS

The state court summarized the facts surrounding petitioners convictions as follows:

> M.M.'s parents live in Brush Prairie and have two daughters, M.M. and P.M. Farrell worked at Lakeside Industries along with M.M.'s parents, where they met and became friends. At the time of the incidents involving Farrell and M.M., P.M. was age three and M.M. age five.
>
> In April 2000, M.M.'s parents invited Farrell to their residence for dinner. After dinner, Farrell, M.M.'s parents, M.M., and P.M. went into the hot tub located at the residence. Everyone wore a swimsuit. Both of M.M.'s parents do not recall whether they left M.M. and P.M. alone in the hot tub with Farrell, but both claim it was possible that they had left the hot tub. At the time, M.M.'s parents felt comfortable leaving M.M. and P.M. alone with Farrell.
>
> A couple of weeks later, M.M.'s parents were watching television with P.M. and M.M. P.M. told her parents that M.M. had "sucked [Farrell's] peter." Report of Proceedings (RP) at 170. M.M's mother asked M.M. if this was true and M.M. started to cry for about an hour, which was unusual behavior for her. Unsure of how to respond, M.M.'s parents did not immediately notify the police. On May 26, 2000, M.M's grandmother visited P.M. and M.M. During this visit, P.M. told her grandmother that M.M. had "sucked [Farrell's] peter." RP at 287. In early June, after M.M.'s grandmother discussed the revelation with M.M.'s parents, M.M.'s mother reported the incident to Child Protective Services (CPS).
>
> On June 22, 2000, Clark County Sheriff Deputy Cynthia Bull, an investigator for the Child Abuse Intervention Center, interviewed M.M. M.M. told Bull that she had touched Farrell's penis in the hot tub. M.M. later testified that she had also touched Farrell's penis with her "hand and [her] mouth" while in the hot tub. RP at 386. M.M. also told Bull that she was scared to say anything about the incident. M.M. testified about another occasion in her parent's bathroom where she had touched Farrell's penis with her hand and her mouth. Farrell denied any sexual contact with M.M. and said he was never alone with P.M. and M.M.

(Dkt. # 11, Exhibit 5, Unpublished Opinion, State v. Farrell, Washington Court of Appeals Cause No. 27764-6-II, at 2-3).

# PROCEDURAL HISTORY

On direct appeal the two convictions for molestation were overturned. (Dkt. # 11, Exhibit 5). Review of the remaining convictions was sought and denied and none of the issues raised are germane to this petition. Direct appeal was concluded on May 4th, 2004. (Dkt. # 11, Exhibit 7).

In January of 2005 petitioner filed a personal restraint petition raising the following ground for review:       GROUND ONE
NO PROPER INVESTIGATION

I asked my attorney for an investigator and he said we would get one, but he never did. It is crucial to perform a good investigation in a criminal case. Your

REPORT AND RECOMMENDATION
Page - 2

defense hinges on it. I found an investigator later on, but my attorney would not cooperate with him. This might have made a difference in the outcome of my trial.

(Dkt. # 11, Exhibit 9, at 4).  The court considered the claim as an ineffective assistance of counsel claim and analyzed the issues using the <u>Strickland</u> test.  (Dkt. # 11, Exhibit 10, page2, citing <u>Stickland v. Washington</u>, 466 U.S. 668 (1984)).  The court dismissed the claim as petitioner had failed to show what information would have been obtained by an investigator and how he was prejudiced.  (Dkt. # 11, Exhibit 10, page2).

Petitioner filed for discretionary review and raised the following grounds:

GROUND ONE
NO PROPER INVESTIGATION

I asked my attorney for an investigator and he said we would get one, but he never did. It is crucial to perform a good investigation in a criminal case. Your defense hinges on it. I found an investigator later on, but my attorney would not cooperate with him. This might have made a difference in the outcome of my trial.

GROUND TWO
NO EXPERT WITNESSES

My attorney informed me in the beginning that we would hire a psychologist for myself and M.M. This may have proven why M.M. would make such an accusation and that I was not a person who could commit this crime. Later my attorney said we could not hire a psychologist. I am sure that a professional person like this could offer a lot to this case. In my opinion, things that may have made a difference in my case, my lawyer did not follow through on.

GROUND THREE
FAILURE TO PRESENT KNOWN WITNESSES

I informed my attorney to two witnesses, who could testify to facts that could have changed my verdict. They could have testified to the fact that the possible perpetrator of the crime was staying on and off at the Merringer home from January through April of 2000. My other witness would have testified on how M.M. interacted with the possible perpetrator also named Mark. They never were called to testify to these facts.

(Dkt. # 11, Exhibit 11, Appendix A at 1-3).  The commissioner for the state supreme court dismissed the petition as petitioner had not addressed the order dismissing his petition or shown why the prior ruling was in error.  (Dkt. # 11, Exhibit 12).

The petitioner filed his federal petition and raises only one issue:

Ground one: No Proper Investigation

I asked my attorney for an investigator and he said we would get one, but he never did. It is crucial to perform a good investigation in a criminal case. Your defense

REPORT AND RECOMMENDATION
Page - 3

>hinges on it. I found an investigator later on, but my attorney would not cooperate with him. This might have made a difference in the outcome of my trial.

(Dkt. # 1, page 7).

Respondent argues the petitioner did not properly exhaust the issue because he did not raise the issue as a federal constitutional claim in state court. (Dkt. # 10, page 7). Respondent also argues the claim is procedurally defaulted. (Dkt. # 10, Page 7).

## EVIDENTIARY HEARING NOT REQUIRED

In its' Order Directing Service and Response, the court directed respondent to state in his response whether or not an evidentiary hearing was necessary. Accordingly, respondent has informed the court that he does not think an evidentiary hearing is required. The function of an evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are raised. *See e.g.* Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). After careful review of the record, the undersigned judge concludes that there are no relevant factual disputes to resolve in order for the court to render its decision in this case. Accordingly, an evidentiary hearing was not conducted.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a

REPORT AND RECOMMENDATION
Page - 4

determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v, Lundy, 455 U.S. 509, 522 (1982). The exhaustion doctrine is based on comity, not jurisdiction. Rose v, Lundy, 455 U.S. at 518.

Respondent's position is technically correct because petitioner did not specifically raise his issue as a federal constitutional claim and he did not cite to federal case law. (Dkt. # 11, Exhibit 9, page 4). However, the state court of appeals properly characterized the issue as an ineffective assistance of counsel claim and analyzed the claim using the federal standard, (Dkt. # 11, Exhibit 10). The point of an exhaustion requirement is to give the state court a fair and complete chance to correct any issue without federal intervention. Where the state court properly identifies the issue and applies the correct standard of review there is no reason to consider the issue unexhausted.

On the Merits.

Here, the state court of appeals properly identified and considered petitioner's claim as an ineffective assistance of counsel claim. (Dkt. # 11, Exhibit 10). The court held:

> To establish ineffective assistance of counsel, petitioner must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984); *In re Connick*, 144 Wn.2d 442 (2001).

REPORT AND RECOMMENDATION
Page - 5

>Petitioner first contends that although he asked his counsel to hire an investigator, his counsel first failed to obtain an investigator and then failed to cooperate with the one petitioner eventually hired. Petition, Ground One. But petitioner fails to state what information could have been obtained by proper investigation. Accordingly, he fails to allege facts establishing that he was prejudiced by his counsel's alleged failure to investigate and this argument fails.

(Dkt. # 11, Exhibit 10, page 2). Thus, the state court of appeals applied the proper standard of review. Review of petitioners' Personal Restraint Petition, Dkt. # 11, Exhibit 9, shows the court of appeals decision to be correct. Petitioner made no showing of prejudice and made only generalized statements without any evidence to support a claim of prejudice.

Petitioner has failed to show the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Petitioner is not entitled to relief.

## CONCLUSION

This petition is without merit. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 5th, 2006**, as noted in the caption.

Dated this 11th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge